UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARCO VINICIO GUASCO LOJA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11834-IT |
| | * | |
| ANTONE MONIZ, et al., | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER

October 21, 2026

TALWANI, D.J.

Before the court are Petitioner's Motion for Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [Doc. No. 8] ("Motion") and Respondents' Response in Opposition to Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act and Request to Stay or Defer a Decision [Doc. No. 11] ("Response"). For the reasons set forth below, Petitioner's Motion [Doc. No. 8] is GRANTED, and the portion of the Response [Doc. No. 11] requesting a stay is DENIED.

## I. Background

On April 21, 2026, while Immigration and Customs Enforcement ("ICE") held Petitioner Marco Vinicio Guasco Loja in a detention facility, Petitioner filed a petition for writ of habeas corpus asking the court to order his release from custody or, in the alternative, that he be given an individualized bond hearing. Pet. ¶¶ 3, 13 [Doc. No. 1]. In addition, Petitioner sought a "stay of transfer to prevent [ICE] from removing him from Plymouth Correctional Facility," id. ¶ 2, and to return to him personal property—including legal materials relevant to his immigration case—which he alleged ICE had confiscated, id. ¶ 4.

On May 14, 2026, the court granted Petitioner's habeas petition, ordering Respondents to "either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226[,]" and, if a bond hearing were held, to "ensure that any legal material removed from Petitioner is made available to him in advance of such hearing." Mem. & Order 3 [Doc. No. 7]. Thereafter, "[a] bond hearing was held by the Immigration Court wherein Petitioner was released on bond." Resp. 2 [Doc. No. 11].

On August 12, 2026, Petitioner filed the pending Motion [Doc. No. 8], seeking $2,000 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot. 1–2 [Doc. No. 8]. In opposition, Respondents argue that the EAJA does not encompass habeas actions, Resp. 2 [Doc. No. 11], Respondents were "substantially justified in litigating the habeas petition," id., and—alternatively—the court should stay this motion, id. at 7.

## II. Respondents' Stay Request

Respondents urge the court to "stay or defer its decision on the EAJA Motion as the very issues raised in Respondents' opposition sit before the U.S. Supreme Court." Resp. 16 [Doc. No. 11]. The court declines to do so. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy," which "calls for the exercise of judgment" and discretion. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The "proponent of a stay bears the burden of establishing its need," Clinton v. Jones, 520 U.S. 681, 708 (1997), and "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," Landis, 299 U.S. at 255. Respondents have not articulated why such a stay or deferral is needed (as opposed to preferred), and the court sees no benefit in further delay. Respondents' request is denied.

## III. Petitioner's Request for Fees

### A. *Legal Standard*

The EAJA is "an exception to th[e] traditional American rule" that "each party before the court is usually responsible for its own attorney's fees." Michel v. Mayorkas, 68 F.4th 74, 78 (1st Cir. 2023). It provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has identified four requirements for a litigant to be eligible for an award of attorney's fees under the EAJA: (1) the movant must be "the prevailing party in the civil action," Castañeda-Castillo v. Holder, 723 F.3d 48, 57 (1st Cir. 2013); (2) the request for those fees must be "timely filed," defined by the EAJA as "within thirty days of final judgment in the action," id. (quoting 28 U.S.C. § 2412(d)(1)(B)); (3) "the government's position was not substantially justified," id.; and (4) "that no special circumstances make an award against the government unjust," id. Should those requirements be met, the EAJA authorizes an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A).

### B. *Discussion*

The court finds that Petitioner is entitled under the EAJA to the requested award.

Respondents do not dispute that Petitioner is a prevailing party in this case and has met the second and fourth requirements—timely filing[1] and "no special circumstances"—under

[1] Although the court granted Petitioner relief on May 14, 2026, no separate judgment was entered as required by Fed. R. Civ. P. 58(a) prior to the filing of the Motion [Doc. No. 8]. The court has now entered the required separate judgment. See Judgment [Doc. No. 14].

Castañeda-Castillo. 723 F.3d at 57; see Resp. 4 [Doc. No. 11]. And as discussed below, the other requirements are met.

1. The Habeas Proceeding is a Civil Action

Respondents contend that the EAJA does not allow for fees for a habeas petition in an immigration case. The First Circuit having not yet addressed the issue, the court joins several other sessions in this district,[2] and most circuits that have considered the issue,[3] in finding that the EAJA, in allowing for "fees and other expenses. . . incurred by [the prevailing] party in any civil action," see 28 U.S.C. § 2412(d)(1)(A), includes within "any civil action" a habeas petition seeking relief from immigration detention.

In interpreting the EAJA, the court must consider that the statute "is a partial waiver of the government's sovereign immunity, and so must be strictly construed in favor of the government." Castañeda-Castillo, 723 F.3d at 68. The United States "enjoys sovereign immunity . . . absent a waiver that must be 'unequivocally expressed in statutory text.'" Marina Bay Realty Tr. LLC v. United States, 407 F.3d 418, 422 (1st Cir. 2005) (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). To authorize a waiver of sovereign immunity, a statute must meet the "demanding standard" of providing a "clear statement." Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin, 599 U.S. 382, 387–88 (2023). This "clear-statement rule," however, "is not a magic-words requirement"; the question it asks "is simply whether, upon applying 'traditional' tools of statutory interpretation, Congress's abrogation of [] sovereign immunity is 'clearly

---

[2] See, e.g., Peruano v. Wesling, 834 F. Supp. 3d 128, 149 (D. Mass. 2026); Orrego Orrego v. Hyde, No. CV 26-10260-BEM, 2026 WL 1480362, at *2 (D. Mass. May 27, 2026); Ndongala v. Wesling, No. 26-CV-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026); Oscar v. Gillen, 595 F. Supp. 2d 166, 168–69 (D. Mass. 2009).

[3] See Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 424 (3d Cir. 2026); Daley v. Ceja, 158 F.4th 1152, 1162 (10th Cir. 2025); In re Hill, 775 F.2d 1037, 1041 (9th Cir. 1985); Vacchio v. Ashcroft, 404 F.3d 663, 672 (2d Cir. 2005).

discernable' from the statute itself." Id. at 388 (quoting F.A.A. v. Cooper, 566 U.S. 284, 291 (2012)).

The court finds that the EAJA provides the clear statement needed to waive sovereign immunity and authorize attorney's fees in the context of habeas petitions. The relevant text allows for awards of "fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action[.]" 28 U.S.C. § 2412(d)(1)(A). The operative phrase—"any civil action"—is by nature inclusive: as the Supreme Court has "repeatedly explained," Babb v. Wilkie, 598 U.S. 399, 405 n.2 (2020), "the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" United States v. Gonzales, 520 U.S. 1, 5 (1997) (quoting Webster's Third New International Dictionary 97 (1976)); Patel v. Garland, 596 U.S. 328, 338 (2022). Though habeas is "a unique creature of the law," habeas proceedings "are technically civil actions," Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997), and Congress's reference to "any civil action" in § 2412(d)(1)(A) would thus include them.

This conclusion gains particular force where, like here, Congress could have easily chosen a different formulation. Notably, the EAJA's text opts to exclude from its terms one category of suits—"cases sounding in tort"—but declines to also exclude habeas. See United States v. Hernandez-Ferrer, 599 F.3d 63, 67–68 (1st Cir. 2010) ("The maxim '*expressio unius est exclusio alterius*'—which translates roughly as 'the expression of one thing is the exclusion of other things'—is a venerable canon of statutory construction"). And while Congress could have framed the relevant context for EAJA fees as merely "a civil action," as it does in many other statutes, it did not do so here, instead opting for the more traditionally unlimited framing of "any" civil action. Compare United States v. Williams, 514 U.S. 527, 532 (1995) (holding that

the statutory language in 28 U.S.C. § 1346(a) waiving sovereign immunity for "[a]ny civil action against the United States for the recovery of any internal-revenue tax . . . erroneously . . . assessed or collected" should be interpreted broadly without relying on formalistic or overly technical interpretation) (emphasis in original), with Martin, 118 F.3d at 874 (holding that 28 U.S.C. § 1915, which states that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee," does not apply to habeas petitions) (emphasis added). Habeas, put simply, is a civil action covered by the phrase "any civil action" found in the EAJA,[4] and is so pursuant to traditional tools of statutory interpretation.

Despite this straightforward application of statutory interpretive tools and the fact that "every federal circuit court existing at the time of the EAJA's passage had held that habeas was civil," Daley v. Ceja, 158 F.4th 1152, 1160 (10th Cir. 2025), some courts have stressed, in the context of interpreting the EAJA, that habeas "is not a purely civil action[.]" Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023) (emphasis added) (citing O'Brien v. Moore, 395 F.3d 499, 505 (4th Cir. 2005); see also Obando-Segura v. Garland, 999 F.3d 190, 193 (4th Cir. 2021) ("[H]abeas proceedings do not fit neatly within the criminal-civil dichotomy") (citing O'Brien, 395 F.3d at 506). This "not purely civil" analysis in O'Brien, however, arose in the context of habeas petitions challenging detention in a criminal proceeding because, "to the extent that a habeas proceeding reviews a criminal punishment with the potential of overturning it, the habeas proceeding necessarily assumes part of the underlying case's criminal nature[.]" O'Brien, 395 F.3d at 505. While the Barco and Obando-Segura courts extended this reasoning to immigration

[4] The fact that the statute does not directly reference habeas does not, for purposes of statutory interpretation, render habeas's status as a civil action ambiguous: Congress does not have to "include a specific reference" to a subset of cases covered by an abrogation of sovereign immunity "[a]s long as Congress speaks unequivocally" about that abrogation. Lac du Flambeau, 599 U.S. at 394 (2023).

detention, Barco, 65 F.4th at 785; Obando-Segura, 999 F.3d at 195, that extension is not warranted: in an immigration habeas proceeding, unlike in O'Brien, there is no "underlying" criminal case that allows the habeas proceeding to "assume . . . a criminal nature." O'Brien, 395 F.3d at 505; see also Daley, 158 F.4th at 1162 ("Because both habeas and the underlying immigration proceedings are civil, habeas actions challenging immigration detention are purely civil") (emphasis added).

Even in habeas proceedings tied to criminal proceedings, where the label "civil" is "gross and inexact," it remains true "that habeas corpus proceedings are characterized as 'civil,'" Harris v. Nelson, 394 U.S. 286, 293–94 (1969), though "not automatically subject to all the rules governing ordinary civil actions," Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971). Thus, it is "well[-]settled" that "habeas corpus is a civil proceeding." Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 269 (1978). To say that habeas does not always behave like a prototypical civil action is just to say that it is a unique kind of civil action. EAJA, covering "any" civil action, thus clearly includes habeas proceedings; an idiosyncratic civil action is still a kind of civil action.

In sum, the court concludes that habeas petitions are civil actions under 28 U.S.C. § 2412(d)(1)(A) and, accordingly, that Petitioner is "a prevailing party in a civil action" under the EAJA.

2. The Government's Position Was Not Substantially Justified

The government is "substantially justified if it has a reasonable basis in law and fact for its positions . . . or put another way, if a reasonable person could think the government's position correct." Michel, 68 F.4th at 78 (citation modified). The government "bears the burden of proof . . . on this issue," Saysana v. Gillen, 614 F.3d 1, 5 (1st Cir. 2010), and the government has not

met its burden here. To the contrary, it has acknowledged that the legal position it challenged in this petition—that "where a noncitizen is apprehended while in the United States, that person is entitled to a bond hearing and is not subject to mandatory detention under § 1225(b)(2)(A)"—was, by time of briefing, already the legal position of "this Court, as well as other sessions in this District[.]" Resp. 8–9 [Doc. No. 11]. Where the government reiterated a position contrary to the court's prior, unappealed rulings, with an "abbreviated brief recognizing this Court's prior decisions[,]" id. at 9, its position is not reasonable or substantially justified, see Ndongala, 2026 WL 1534981, at *3 ("To continue to press arguments that every single judge in this District to consider the issue had already rejected, often repeatedly, does not strike the Court as reasonable under the circumstances").

3. The Requested Attorney's Fees Are Reasonable

Petitioner's requested award for attorney's fees is reasonable. Petitioner requests "compensation at the adjusted hourly rate of $250 per hour" for the "8 hours" his counsel spent litigating this matter, Mot. 5 [Doc. No. 8], for a sum of $2,000, Mot. Ex. A, at 2 [Doc. No. 8-1]. Most of this time was dedicated to three tasks: reviewing Petitioner's history with immigration authorities (2 hours), drafting a writ of habeas and memorandum of law (2 hours), and drafting the present Motion [Doc. No. 8] (2.5 hours). Id. at 1. Finding these hours to be reasonable, the requested rate (which the government does not challenge) to be comparable to rates awarded for this kind of action in this district, see Ndongala, 2026 WL 1534981, at *4 (granting fees at hourly rate of "$267.46"); Orrego Orrego, 2026 WL 1480362, at *3 (granting fees at hourly rate of "$269.28"), and the sum to be similarly reasonable, see Orrego Orrego, 2026 WL 1480362, at *3 (granting award of "$2,046.45" in legal fees), the court finds Petitioner is entitled to his requested attorney's fees.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion [Doc. No. 8] is GRANTED, and the portion of the Response [Doc. No. 11] requesting a stay is DENIED. The Court AWARDS attorney's fees in the amount of TWO THOUSAND AND 00/100 DOLLARS ($2,000).

IT IS SO ORDERED.

October 21, 2026

/s/ Indira Talwani
United States District Judge